UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. |
| | : | |
| v. | : | VIOLATION: |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| GRAHAM HAUCK, | : | |
| | : | FORFEITURE: 18 U.S.C. § 981(a)(1)(C), |
| Defendant. | : | 28 U.S.C. § 2461(c) |

## INFORMATION

The United States Attorney charges:

## COUNT ONE
(Wire Fraud)

1. Graham Hauck resided in Maryland and served as president and CEO of Hauck & Associates, Inc. ("H&A"), a trade association management firm based in Washington, D.C.

2. Person One resided in Virginia and was an H&A employee.

3. The Victim Organization was a nonprofit professional trade association. It maintained a checking account at United Bank and a money market account at Capital One Bank.

### The Scheme

4. From on or about March 7, 2019, through on or about October 17, 2019, Hauck devised a scheme to defraud the Victim Organization, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means

5. Hauck used the following manner and means in furtherance of the scheme:

   a. Between March 2019 and September 2019, Hauck stole approximately $160,845 from the Victim Organization's United Bank account by writing checks from the account payable to H&A and initiating ACH transfers from the account to an H&A bank account.

  b. Between August 2019 and October 2019, Hauck stole approximately $175,377 from the Victim Organization's Capital One account by writing a check in the amount of $100,000 from the account payable to H&A and initiating ACH transfers from the account to an H&A bank account.

  c. Hauck created inaccurate balance sheets that Person One presented monthly to the Victim Organization's Board of Directors at teleconference meetings. The balance sheets falsely showed the Victim Organization's bank accounts containing more money than they actually did.

### Execution of the Scheme

 6. On or about September 24, 2019, Hauck, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate and foreign commerce, signals and sounds from Europe to the United States, when he sent an email from Switzerland to Person One in an attempt to conceal his ongoing scheme.

**(Wire Fraud, in Violation of Title 18, United States Code, Section 1343)**

### FORFEITURE ALLEGATION

 1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $336,222.

 2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Date: April 17, 2023  By: _/s/ Kondi J. Kleinman_

Kondi J. Kleinman
Assistant United States Attorney
California Bar No. 241277
Fraud, Public Corruption & Civil Rights Section
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-6887
kondi.kleinman2@usdoj.gov